WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Tenell Michael Mure,<br><br>　　　　　Defendant. | CR-18-01695-014-TUC-JAS (EJM)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is defendant Tenell Michael Mure's Motion to Sever his trial from the trial of his co-defendants in Trial Group One. [Doc. 1265][1]  The defendant asserts three grounds in support of his severance motion: (1) a joint trial would compromise his right to compel testimony from co-defendants; (2) the admission of statements made by co-defendants who will not testify at trial would violate *Bruton*;    (3) his defense is antagonistic with the defense of co-defendants; and (4) prejudice will result from the spill-over evidence regarding the co-defendants which would not be admissible against him at a severed trial.

For the reasons discussed below, the Court recommends that the District Court deny the Motion to Sever.

---

[1] The defendant's Motion to Sever also asserts an objection to his inclusion in Trial Group One.  The defendant does not elaborate on that objection (or set forth the co-defendants in Trial Group One).  Thus, it is not clear to the Court if the objection would be resolved if the District Court granted the severance motion, or if the objection is another basis to remove him from Trial Group One.  To the extent it is the latter, the defendant should bring that objection to the District Court and elaborate on the reason for the objection.

**FACTUAL BACKGROUND**

The defendant is charged in a Third Superseding Indictment with Conspiracy to Possess with the Intent to Distribute Cocaine (Count Twenty-Four). [Doc. 1425.]  The following overt acts are alleged against the defendant: (1) on or about August 4, 2012, he possessed cocaine, U.S. currency, and a firearm; and (2) on or about December 28, 2017, he possessed cocaine, a scale, and ammunition.  There are fourteen co-defendants also charged in Count Twenty-Four.  It is alleged that the defendant and his co-defendants were members and/or associates of the Western Hills Bloods gang which operated "crack houses" and sold drugs.

The defendant filed the instant motion seeking a severance of his trial from the trial of the co-defendants for the reasons stated above.  The defendant is currently part of Trial Group One.  However, neither he nor the government set forth the co-defendants in this trial group.

**DISCUSSION**

**1.     Right to Compel Testimony from Co-Defendants.**

"When the reason for severance is the asserted need for a codefendant's testimony, the defendant must show that he would call the codefendant at a severed trial, that the codefendant would in fact testify and that the testimony would be favorable to the moving defendant."  *United States v. Vigil*, 561 F.2d 1316, 1317 (9th Cir. 1977).  In assessing whether a defendant has met this burden, a court must weigh the good faith of the defendant's intent to have a codefendant testify, the possible weight and credibility of the predicted testimony, the probability that such testimony will materialize, the economy of a joint trial, and the possibility that the trial strategy of a codefendant will prejudice the defendant seeking a severance. *United States v. Kaplan*, 554 F.2d 958, 966 (9th Cir. 1977).

While the defendant sets forth the correct legal test, he provides no analysis of why the test is met in the case at hand.  The defendant does not even set forth which co-defendant he would call as a witness at a severed trial, let alone represent that the co-defendant would in fact testify or describe how the testimony would be favorable.

Accordingly, it is recommended that the District Court deny the Motion to Sever based on an alleged violation of the defendant's constitutional right to call a co-defendant as a witness at a joint trial.

### 2. *Bruton*.

"The Confrontation Clause of the Sixth Amendment . . . guarantees the right of a criminal defendant 'to be confronted with the witnesses against him.'" *Richardson v. Marsh*, 481 U.S. 200, 206 (1987). The "'right of cross-examination is included in the right of an accused in a criminal case to confront the witnesses against him' secured by the Sixth Amendment." *Bruton*, 391 U.S. at 126 (quoting *Pointer v. Texas*, 380 U.S. 400, 404 (1965)). In *Bruton*, the Supreme Court held that "a defendant is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a nontestifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the co-defendant." *Richardson*, 481 U.S. at 207.

The Supreme Court subsequently "narrowed *Bruton's* scope in *Richardson*, where it held that there is no Confrontation Clause violation if the co-defendant's confession must be linked to other evidence to incriminate the defendant." *United States v. Mikhel*, 889 F.3d 1003, 1044 (9th Cir. 2018). The Court reasoned that "[w]here the necessity of such linkage is involved, it is a less valid generalization that the jury will not obey the instruction to disregard the evidence. Specific testimony that 'the defendant helped me commit the crime' is more vivid than inferential incrimination, and hence more difficult to thrust out of mind." *Mikhel*, 889 F.3d at 1044. The Court rejected the "contextual implication" doctrine that required a court to assess whether, in light of all the evidence, a co-defendant's confession was so powerfully incriminating that a separate trial was required. *Id*. The Court ultimately held that the co-defendant's redacted confession "fell outside *Bruton's* scope and was admissible (with appropriate limiting instructions) at the joint trial" because it was not "incriminating on its face," nor did it "expressly implicate" the defendant. *Gray v. Maryland*, 523 U.S. 185, 191 (1998).

Once again, the defendant fails to set forth any statement made by a co-defendant,

let alone a statement that facially inculpates him. As such, it is recommended that the District Court deny the Motion to Sever based on a *Bruton* violation.

### 3. Antagonistic Defenses.

The Ninth Circuit has held that "[t]o be entitled to severance on the basis of mutually antagonistic defenses, a defendant must show that the core of the codefendant's defense is so irreconcilable with the core of his own defense that the acceptance of the codefendant's theory by the jury precludes acquittal of the defendant." *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996). An "[a]ntagonism between defenses or the desire of one defendant to exculpate himself by inculpating a codefendant. . .is insufficient to require severance." *Throckmorton*, 87 F.3d at 1072. Moreover, the Supreme Court had held that "[m]utually antagonistic defenses are not prejudicial *per se*." *Zafiro*, 506 U.S. at 540. In fact, a severance is not required even if prejudice is shown; the tailoring of any remedy is left to the discretion of the trial court. *Id*.

Yet again, the defendant does not specify his defense or any co-defendant's defense that would be antagonistic to his defense. Therefore, it is recommended that the District Court deny the Motion to Sever based on antagonistic defenses.

### 4. Spill-over Evidence.

The Ninth Circuit has held that "[t]he mere fact that there may be more incriminating evidence against one co-defendant than another does not provide a sufficient justification for separate trials." *United States v. Ploizzi*, 801 F.2d 1543, 1554 (9th Cir. 1986); see also *United States v. Marcello*, 731 F.2d 1354, 1360 (9th Cir. 1984). The court's inquiry as to prejudice focuses on "whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants in the light of its volume and limited admissibility." *United States v. Ramirez*, 710 F.2d 535, 546 (9th Cir 1983.) Moreover, "[t]he prejudicial effect of evidence relating to the guilt of codefendants is generally held to be neutralized by careful instruction by the trial judge." *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980). Thus, a defendant seeking a "severance based on the 'spillover' effect of evidence admitted against a co-defendant must. . .demonstrate the

insufficiency of limiting instructions given by the judge." *United States v. Nelson*, 137 F.3d 1094, 1108 (9th Cir. 1998).

As with the other alleged grounds for a severance, the defendant does not set forth the evidence against co-defendants that he claims would be inadmissible against him at a severed trial. Thus, once again, it is recommended that the District Court deny the Motion to Sever based on antagonistic defenses.

## CONCLUSION

For the reasons discussed above, the Court recommends that the District Court deny the Motion to Sever.

Pursuant to Federal Rule of Criminal Procedure 59(b)(2), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If any objections are filed, this action should be designated case number: **CR 18-01695-TUC-JAS**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to de novo consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 26th day of May, 2022.

Eric J. Markovich
United States Magistrate Judge